FILED
SUPERIOR COURT
OF GUAM

2026 APR 27 PH 2:39

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ZENAIDA V. MILANO,<br><br>                           Plaintiff,<br><br>           vs.<br><br>TRADEMASTER MICRONESIA, LLC,<br><br>                           Defendant. | Civil Case No. CV0797-25<br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on February 12, 2026, for a Motion Hearing regarding Defendant's Motion to Dismiss. Attorney Daron Berman appeared on behalf of Plaintiff Zenaida V. Milano. Attorney George Valdes appeared on behalf of Defendant Trademaster Micronesia, LLC ("Trademaster"). After reviewing the record, relevant law, and arguments from the parties, the Court **GRANTS** the Motion to Dismiss, but grants Milano leave to amend.

## BACKGROUND

Milano filed her Complaint for Damages on November 26, 2025. Trademaster filed its Motion to Dismiss Complaint for Damages on December 29, 2025. Milano filed her Opposition to Defendant's Motion to Dismiss on January 26, 2026. Trademaster filed its Reply to Opposition to Motion to Dismiss Complaint for Damages on February 9, 2026. The Court heard oral arguments for the Motion to Dismiss on February 12, 2026.

## STATEMENT OF FACTS

1. In her complaint, Milano alleges that she agreed to sell Trademaster two businesses known by the tradenames of New Fresh Bread Bakeshop and Café Panadero. Compl. for Damages ("Compl.") at 1 (Nov. 26, 2025).

2. Milano alleges that Trademaster failed to pay her. *Id.* at 2. Milano alleges that Trademaster owes $610,799.60 as principal, plus interests at the rate of 6% from November 18, 2025. *Id.*

3. Milano alleges that she made a request for the payment of the balance due on November 18, 2025, but Trademaster "failed, refused and neglected" to make the payment. *Id.*

## DISCUSSION

In its Motion to Dismiss, Trademaster argues that Milano's Complaint must be dismissed because it failed to provide sufficient factual allegations. Mot. to Dismiss Compl. for Damages at 4–5 (Dec. 29, 2025). In response, Milano argues that she has provided sufficient facts to meet the legally required notice pleading standard. Pl.'s Opp. to Def.'s Mot. to Dismiss at 2–3 (Jan 26, 2026).[1] In its reply, Trademaster states that the complaint is specifically missing the total amount the parties agreed on for the transfer of the businesses and the amount Trademaster has already paid Milano. Reply to Opp. to Mot. to Dismiss Compl. for Damages at 3 (Feb. 9, 2026).

For a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9; *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶

---

[1] Milano also argues that Trademaster violated her right to access the courts by filing the motion to dismiss. The Court will not discuss this argument because Trademaster is not a governmental actor and, therefore, could not violate Milano's Constitutional rights by denying her access to the courts.

9. "However, 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.'" *Taitano*, 2008 Guam 12 ¶ 9 (quoting *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)); *see also Ukau v. Wang*, 2016 Guam 26 ¶ 52. A pleading does not need to prove a claim by a preponderance of the evidence. *Ukau*, 2016 Guam 26 ¶ 52. Still, it must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ." *Id*. Additionally, "[i]n ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. However, leave to amend "shall be freely given when justice so requires," so long as the amendment would not be futile. Guam R. of Civ. P. 15(a); *Goodwind Development Corporation v. West Bay Corp.*, 2025 Guam 14 ¶ 24.

Milano's Complaint does not meet the notice pleading standard, but the Court will grant her leave to amend. Trademaster is correct that the Complaint lacks factual allegations regarding the total amount the two parties allegedly agreed to and the total amount Trademaster has paid if any. Although Milano does not need to provide the Court with sufficient evidence to prove a preponderance of the evidence, Milano does need to provide sufficient facts beyond "conclusory allegations of law and unwarranted inferences." *Taitano*, 2008 Guam 12 ¶ 9. Without the facts regarding the alleged contract between the parties, Trademaster is assuming what Milano is referring to regarding how much is owed to her. Trademaster does not know how much Milano expected to receive, nor what Milano has allegedly received per their alleged agreement. Thus, Trademaster is not on notice of what Milano is alleging. Therefore, Milano has not met the

pleading standard. However, Milano's failure to allege sufficient facts can be remedied by amending her complaint.

The Court will grant Milano leave to amend because justice requires it. Milano's complaint is insufficient, but not so insufficient that no amendment could remedy it. Accordingly, the Court will grant Milano leave to amend her complaint to sufficiently meet the notice pleading standard.

## **CONCLUSION**

Therefore, the Court **GRANTS** Trademaster's Motion to Dismiss. However, the Court will grant Milano leave to amend her complaint within ten (10) days from the filing of this order.

**SO ORDERED**, this ___4 | 27 | 26___ .

_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

Page 4 of 4